UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : No. 2:98-cr-00362-11 |
| | : No. 2:16-cv-03507 |
| WILFREDO MARTINEZ ACOSTA, | : |
| Defendant/Petitioner | : |

**O P I N I O N**
Motion to Vacate Sentence, ECF No. 1178 – Granted in part, Denied in part

**Joseph F. Leeson, Jr.**                                                            **June 10, 2025**
**United States District Judge**

**I.    INTRODUCTION**

Wilfredo Martinez-Acosta is serving a sentence of life imprisonment plus forty-five years for committing three murders in Puerto Rico and Philadelphia to further the goals of the Rodriguez/Cacerez drug organization, which he aided in distributing large quantities of cocaine and crack cocaine in Philadelphia. Currently pending is a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 challenging only the three counts of conviction under 18 U.S.C. § 924(c) that resulted in a consecutive forty-five years' imprisonment. The Motion seeks relief based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). For the reasons set forth below, and consistent with the Government's agreement, the § 924(c) conviction premised on conspiracy (Count 28) is vacated, but the remaining § 924(c) convictions stand. The Motion to Vacate is granted in part and denied in part.

**II.   BACKGROUND**

    **A.    Factual Background – Conviction**

1
060925

Martinez-Acosta is one of thirteen defendants in the above-captioned action. His charges and conviction are summarized as follows:

> In 2001, Wilfredo Acosta was charged in a sixth superseding indictment with numerous offenses relating to his participation in the Rodriguez/Cacerez drug organization, which distributed large quantities of cocaine and crack cocaine in Philadelphia from 1996 through 1998. On May 20, 2002, Acosta pled guilty to the charges in the indictment pursuant to a plea agreement with the government. [] Specifically, the defendant pled guilty to one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 22); three counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 23, 29, and 30); one count of conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958 (Count 24); one count of murder for hire and aiding and abetting, in violation of 18 U.S.C. §§ 1958 and 2 (Count 26); and three counts carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 28, 31, and 32).
>
> Acosta pled guilty to three murders that were committed in the summer of 1998: the June 17, 1998, murder of Ricky Velez in Puerto Rico (Count 23), and the July 12, 1998, Philadelphia murders of Jorge Martinez (Count 29) and Luis Garcia (Count 30). Count 31 charged Acosta and two co-defendants with carrying a firearm during and in relation to the murders in aid of racketeering charged in Counts 29 and 30, and Count 32 charged Acosta and two co-defendants with carrying a firearm during and in relation to the murder in aid of racketeering charged in Count 23. Count 28 charged Acosta and three co-defendants with carrying a firearm during and in relation to the conspiracy to commit murder in aid of racketeering charged in Count 22.[]
>
> The murder counts (Counts 23, 29, and 30) each carried a mandatory penalty of death or life imprisonment under Section 1959(a)(1), as did the conspiracy to commit murder for hire in violation of Section 1958 (Count 24), and the murder for hire in violation of Section 1958 (Count 26). The conspiracy to commit murder in aid of racketeering count (Count 22) carried a maximum penalty of 10 years' imprisonment. [] The Section 924(c) counts carried a maximum penalty of life. The first Section 924(c) offense carried a mandatory consecutive sentence of five years, while the remaining Section 924(c) offenses each carried a mandatory consecutive sentence of 20 years.[1] Thus, Acosta faced a mandatory minimum sentence of life imprisonment with a consecutive sentence of 45 years.
>
> In the plea agreement, the government agreed not to seek the death penalty, and Acosta agreed that he would be sentenced to a term of imprisonment of life plus [45] years. [] After he entered his guilty plea, the parties proceeded directly to sentencing, and the court imposed the required mandatory sentence of life plus 45 years.

---

[1]    After Acosta committed his offenses in this case, § 924(c) was amended to provide for a 25-year sentence for each successive 924(c) offense. The 20-year mandatory consecutive term applied to crimes committed before the amendment, including those at issue here.

Resp. 1-3, ECF No. 1202.[2]  Approximately four years after he was sentenced, Martinez-Acosta filed a direct appeal, which was dismissed as untimely.

      **B.**      **Procedural History – Motion to Vacate**

In June 2016, Martinez-Acosta filed a Motion and Memorandum of Law under 28 U.S.C. § 2255 challenging his § 924(c) convictions pursuant to *Johnson*, 576 U.S. 591.  Mot., ECF No. 1178.  The matter was subsequently stayed due to ongoing litigation in the Supreme Court.  *See* ECF No. 1187.  In July 2018, he filed a supplemental brief in support of his Motion.  Brief, ECF No. 1192.  In September 2018, the matter was reassigned to the Undersigned.  ECF No. 1194.  This Court directed the Government to respond to the Motion.  ECF No. 1197.  The Government filed a Response to the Motion in September 2018.  Resp., ECF No. 1202.  A few months later, Martinez-Acosta filed a traverse.  Traverse, ECF No. 1212.  In light of ongoing litigation in the Third Circuit and Supreme Court following *Johnson*, this Court deferred a decision on the Motion to Vacate.  *See, e.g.* ECF No. 1220 (Order stating that the Court was unable to decide the motion in light of ongoing litigation in the Third Circuit.).  Since then, the Government has filed a Supplemental Response.  Supp. Resp., ECF No. 1270.[3]  Martinez-Acosta has also filed additional supplemental memorandums of law supporting his Motion.  Supp. Mem., ECF No. 1283; Sec. Supp. Mem., ECF No. 1294; Third Supp. Mem., ECF No. 1321.  In each of the supplemental filings, the parties cite to new caselaw relevant to the issue.  In light of the

---

[2]     *See also* Supp. Resp. 1-4, ECF No. 1270 (detailing the facts of the crimes)
[3]     The Government filed additional supplemental responses to a Motion to Vacate for one of Martinez's Acosta's co-defendants, who also filed a Motion to Vacate challenging his § 924(c) convictions pursuant to *Johnson*.  *See* ECF Nos. 1312, 1336.

Supreme Court's decision this spring in *Delligatti*, the Motion to Vacate is now ready for disposition.[4]

## III.    LEGAL STANDARDS

### A.    Motion to Vacate under 28 U.S.C. § 2255 – Review of Applicable Law

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)). There is a one-year period of limitations to § 2255 motions that runs "from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ." 28 U.S.C. § 2255(f)(3).

---

[4] In the last filing on the docket, Martinez-Acosta filed a motion for appointment of counsel. *See* ECF No. 1332. Because the motion for appointment of counsel was filed after the Motion to Vacate was fully briefed, the matter is not that complicated in light of Supreme Court precedent governing the limited issue at hand, and no evidentiary hearing is needed, the request to appoint counsel is denied. *See Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991) (holding that "[t]here is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding," and that "there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were straightforward and capable of resolution on the record. . ." (internal citations and quotations omitted).

B.     *Johnson*, *Dimaya*, and *Davis* – Review of Applicable Law

The *Johnson* Court held that the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), which increased the punishment a defendant convicted of being a felon in possession of a firearm faced if he had three or more previous convictions for a "violent felony," was unconstitutional because the definition of "violent felony" in the ACCA was impermissibly vague. See *Johnson*, 576 U.S. 591. The ACCA defines the term "violent felony" as any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (residual clause).

A few years later, the Supreme Court in *Dimaya* held that a similarly worded residual clause in 18 U.S.C. § 16, which defined "crime of violence," suffered from the same constitutional defect. See *Sessions v. Dimaya*, 584 U.S. 148 (2018) (holding that the residual clause in 18 U.S.C. § 16 is unconstitutionally vague). Section 16(b) states that the term "crime of violence" means "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

The following year, the Supreme Court held that the residual clause of § 924(c) was unconstitutionally vague. See *United States v. Davis*, 588 U.S. 445 (2019). The Court reasoned that "the language of § 924(c)(3)(B) is almost identical to the language of § 16(b)." *Id.* (The residual clause in both statutes defines the term "crime of violence."). Section 924(c)(3)(B) provides that the term "crime of violence" "means an offense that is a felony and . . . "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

The is no dispute that *Johnson* and *Davis* each announced a new rule of substantive law that was given retroactive effect for cases on collateral review. *See Welch v. United States*, 578 U.S. 120 (2016) (holding that *Johnson* is retroactive); *United States v. Taylor*, 596 U.S. 845 (2022) (accepting, without deciding, that *Davis* is given retroactive effect); *United States v. Collazo*, 856 F. App'x 380, 383 (3d Cir. 2021) (finding that *Davis* is retroactive).

IV.   ANALYSIS

The question here is whether Martinez-Acosta's convictions under § 924(c) satisfy the elements clause, which provides that a "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A). Application of the elements clause is determined by the categorial approach. *See Davis*, 588 U.S. at 456 (holding that "the statutory text [of § 924] commands the categorical approach"). Under the categorical approach, courts "look to the elements of the prior offense to ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute. The elements, not the facts, are key." *United States v. Dahl*, 833 F.3d 345, 350 (3d Cir. 2016) (internal quotations and citations omitted).

One of Martinez-Acosta's § 924(c) convictions (Count 28) was premised on a conspiracy count and the remaining two (Counts 31 and 32) were premised on murder in aid of racketeering (VICAR murder) counts.

### A.   The § 924(c) conviction in Count 28, which was premised on a conspiracy, does not satisfy the elements clause and is vacated.

The Government concedes that the elements of conspiracy do not include the use or attempted use of physical force. *See* Supp. Resp. 18-19. Thus, the § 924(c) conviction in Count 28 is invalid after *Davis* and must be vacated. *See id.*

"When a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." *Davis*, 588 U.S. at 469 (internal quotations omitted). However, resentencing on all counts is not needed here because the sentences on all counts were pursuant to statutory minimums. For this reason, a full resentencing hearing is not required. *See Clark v. United States*, 76 F.4th 206, 212-13 (3d Cir. 2023) (holding that where the district court vacated the § 924(c) conviction a full resentencing hearing was not required). By vacating the conviction on Count 28, this Court must vacate the sentence on Count 31, which without Count 28 becomes the first § 924(c) conviction, and reduce the sentence on this Count from twenty years imprisonment to five years imprisonment.

> **B.    The § 924(c) convictions in Counts 31 and 32, which are based on VICAR murder, satisfy the elements clause.**

The remaining § 924(c) convictions are based on Martinez-Acosta's commission of murders in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1)-(2). Section 1959 provides:

> (a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—
> (1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both;
> (2) for maiming, by imprisonment for not more than thirty years or a fine under this title, or both;

18 U.S.C. § 1959(a)(1)-(2). The § 924(c) conviction in Count 32 was based on Count 23, which charged that Martinez-Acosta and others "willfully, maliciously and deliberately, with

premeditation and the express purpose of killing, caused the murder and aided and abetted the murder of Ricky Guevera-Velez in Puerto Rico," in violation of Title 30 L.P.R.A. § 402(a) (Puerto Rico's first-degree murder statute at that time). *See* Supp. Resp. 9. The § 924(c) conviction in Count 31 was based on Counts 29 and 30, which charged that Martinez-Acosta and others "knowingly, intentionally and willfully murdered and aided abetted the murder of" individuals in Philadelphia (Martinez and Garcia), in violation 18 Pa. Cons. Stat. § 2502(a) (Pennsylvania's first-degree murder statute). *See id.*

In *Delligatti*, the Court was asked to decide whether second-degree murder in New York, and by extension the defendant's VICAR offense premised on it, was a crime of violence under § 924(c)'s elements clause. *See Delligatti v. United States*, 145 S. Ct. 797, 807 (2025). Affirming the conviction, the Court held: "[i]ntentional murder is the prototypical 'crime of violence,' and it has long been understood to incorporate liability for both act and omission." *Id.* at 808. "If the elements clause is to have a reasonable relationship to the term it defines, it must encompass cases where the offender makes use of physical force by deliberate inaction." *Id.* at 808-09 ("Whenever an offender deliberately causes bodily harm by omission, he necessarily makes another person the conscious object of physical force.").

The § 924(c) convictions in Counts 31 and 32 are therefore "crimes of violence" and the Motion to Vacate these convictions is denied.

  **C.**  **There is no basis for the issuance of a certificate of appealability.**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the

constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth herein, Martinez-Acosta has not shown that jurists of reason find the Court's assessment debatable or wrong.

V.    **CONCLUSION**

The Motion to Vacate sentence is granted in part pursuant to *Davis* and denied in part. Martinez-Acosta's § 924(c) conviction on Count 28, which is premised on a conspiracy, does not satisfy the elements clause and is vacated. The remaining § 924(c) convictions, which are based on VACAR murder, satisfy the elements clause. The Motion to Vacate these counts is therefore denied. Once the sentence on Count 28 is vacated, Count 31 becomes the first § 924(c) conviction. Thus, the sentence on Count 31 is reduced to five years imprisonment, which results in a total term of life imprisonment plus twenty-five (25) years.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge